UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOHN J. MCDONALD,

    Plaintiff,

v.

VENGROFF WILLIAMS, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters and placed telephone calls into this District.

## PARTIES

3.    Plaintiff, JOHN J. MCDONALD, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, VENGROFF WILLIAMS, INC., ("Vengroff") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at 2211 Fruitville Road, Sarasota, Florida 34237.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Justin Russell, Esq., 2211 Fruitville Road, Sarasota, Florida 34237.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for the rental of tool equipment rental from Home Depot.

10. On or about July 13, 2017, Plaintiff rented tools from Home Depot for the purpose of making personal repairs.

11. After a dispute about the amount of the bill arose between Plaintiff and Home Depot, he refused to pay a portion thereof and the debt went into default.

12. On or about September 6, 2017, Home Depot retained Defendant for the purpose of collecting the alleged debt, according to one of its letters.

13. On or about September 7, 2017, Defendant mailed a letter to Plaintiff's roommate, Michael J. Savino, Jr., ("Plaintiff's roommate") regarding the alleged debt, ("the September letter"), attached as Exhibit "A".

14. Defendant placed numerous telephone calls to Plaintiff's roommate.

15. Plaintiff's roommate told Defendant's representatives in the telephone calls approximately 10 times that he was not responsible for the alleged debt.

16. In one of the telephone calls Plaintiff's roommate requested Defendant provide proof that he was responsible for the debt and, specifically, any signed contract.

17. On or about January 24, 2018, Defendant mailed a letter to Plaintiff's roommate regarding the alleged debt, ("the January letter"), attached as Exhibit "B".

18. The January letter attaches the Home Depot rental contract which shows that, John J. McDonald, is the party to the contract because it lists his name.

19. Plaintiff did not authorize Defendant to communicate with his roommate.

20. No court authorized Defendant to communicate with Plaintiff's roommate.

21. Plaintiff's roommate had no legitimate business need for the information communicated in the telephone messages or the letters.

22. Defendant communicated information affecting Plaintiff's reputation to his roommate in its telephone calls and letters to Plaintiff's roommate.

## COUNT I
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FDCPA

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant communicated with a third-party in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

  b. Attorney's fees, costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT II
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FCCPA

25. Plaintiff incorporates Paragraphs 1 through 22.

26. Defendant communicated information affecting Plaintiff's reputation to a third-party who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT III
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's communications to an unauthorized person are in violation of the FCCPA.

29. Plaintiff seeks a permanent injunction prohibiting Defendant from communicating with unauthorized persons.

WHEREFORE, Plaintiff requests that the Court enter judgment:

  a. declaring that Defendant's practices violate the FCCPA;

  b. permanently injoining Defendant from engaging in the violative practices;

  c. Attorney's fees, litigation expenses and costs of suit; and

  d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      DONALD A. YARBROUGH, ESQ.
      Attorney for Plaintiff
      Post Office Box 11842
      Ft. Lauderdale, FL 33339
      Telephone: 954-537-2000
      Facsimile: 954-566-2235
      don@donyarbrough.com


 By: s/ Donald A. Yarbrough
   Donald A. Yarbrough, Esq.
   Florida Bar No. 0158658